## COMMONWEALTH *vs.* EUSTIS K. CLAPP.

An indictment on *St.* 1855, *c.* 215, which charges the defendant with selling intoxicating liquors, or with being a common seller thereof, "without being duly authorized and appointed thereto according to law," sufficiently negatives the defendant's right to sell in any mode permitted or not prohibited by the statute.

An indictment on *St.* 1855, *c.* 215, for unlawful sales of intoxicating liquors, need not aver whether the sale was made from a dwelling-house, or from a tavern or other place of common resort, notwithstanding the provisions of § 34, prescribing different rules as to the evidence required in the two cases.

The fifteenth and seventeenth sections of the *St.* of 1855, *c.* 215, providing for the punishment of unlawful sales of intoxicating liquors by fine and imprisonment, do not conflict with the Constitution and laws of the United States, nor with the first and tenth articles of the Declaration of Rights.

INDICTMENT on *St.* 1855, *c.* 215, containing four counts. The first count was on § 17, and averred that the defendant, at a time and place named, " was, without being duly authorized and appointed thereto according to law, a common seller of spirituous and intoxicating liquors, against the peace of said commonwealth, and contrary to the form of the statute in such case made and provided." The other three counts were on § 15, and were precisely similar in form, except that they charged the defendant with single sales of spirituous and intoxicating liquors.

The defendant, being convicted in the court of common pleas, moved in arrest of judgment, because the indictment did not aver that the liquors sold by the defendant were not imported under the revenue laws of the United States, and were not in their original packages; because the act under which he was convicted was in violation of the first and tenth articles of the Declaration of Rights, and therefore null and void; and because the indictment did not charge him with the commission of any crime or offence, which is a crime or offence under the Constitution of this commonwealth, or of the United States, and the laws made in accordance therewith. *Byington,* J. overruled the motion, and the defendant alleged exceptions.

*A. W. Cushman,* for the defendant. 1. The indictment does not show but that the liquors sold were liquors imported by the defendant, and still in the original packages; and such a negative is required, at least under § 17, which prohibits common selling, " without being duly appointed or authorized as aforesaid." *Commonwealth* v. *Hart,* 11 Cush. 130. *State* v. *Godfrey,* 24 Maine, 235. The negative clause in the indictment does not exclude an importer, for he is not " authorized " nor " appointed,

according to law," but is only taken out of the prohibition of the statute by § 2.

2. The indictment does not aver whether the sales were made from a dwelling-house, or from a tavern or other place of common resort, and therefore does not so fully, plainly, substantially and formally set forth the offence, that the defendant can know what charge he is to meet. The provision of § 34, declaring the force and effect of evidence of the place at which the liquor is delivered, is unconstitutional.

3. The act upon which the indictment is framed is unconstitutional. It is not within the power of the legislature to interpret, alter or modify the terms of the constitution. *In re La Fayette County Seat*, 2 Chand. 212. *Governor* v. *Porter*, 5 Humph. 165. The right " of acquiring, possessing and protecting property," which is declared, by the first article of our Declaration of Rights, to be one of the essential and unalienable rights of all. men, must cover, by implication, the right to purchase and sell; and spirituous and intoxicating liquors were considered and treated as property when the Constitution of Massachusetts was framed; and cannot, consistently with the tenth article of the Declaration of Rights, be taken without compensation. See also *People* v. *Toynbee*, 20 Barb. 168. This act does not regulate, but prohibits sales.

It is unconstitutional, because it confers upon towns a monopoly of a branch of trade; and also because it confers upon towns powers for which they were not organized. *Parker* v. *Commonwealth*, 6 Barr, 507. *Goff* v. *Rehoboth*, 12 Met. 26. *School District in Rumford* v. *Wood*, 13 Mass. 197. *Stetson* v. *Kempton*, 13 Mass. 272. *Anthony* v. *Adams*, 1 Met. 286. *Parsons* v. *Goshen*, 11 Pick. 396. *Norton* v. *Mansfield*, 16 Mass. 48.

It conflicts with the Constitution and laws and treaties of the United States, inasmuch as it regulates commerce by actual prohibition. *Brown* v. *Maryland*, 12 Wheat. 419. *Bode* v. *State*, 7 Gill, 326.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

By the Court. 1. That this indictment sufficiently negatives the defendant's right to sell, is well settled by the cases

already decided by this court. *Commonwealth* v. *Lafontaine*, 3 Gray, 479. *Commonwealth* v. *McSherry*, 3 Gray, 481, *note*.

2. There is nothing in the statute, or in the rules of criminal pleading, which requires the indictment to contain any particular description of the building where the sale was made. The provision of § 34, declaring what shall be deemed *prima facie* evidence of a sale, whether constitutional or not, cannot affect this question.

3. It is then contended that the prosecution cannot be sustained, because the statute of 1855 is unconstitutional. It has been too often stated and explained, now to require authorities, that a statute may be unconstitutional in some particular provisions and not in others. A statute is judicially held to be unconstitutional, because it is not within the scope of legislative authority; it may either propose to accomplish some object prohibited by the Constitution, or to accomplish some lawful and even laudable object, by means repugnant to the Constitution of the United States or of the Commonwealth. A statute may contain some such provisions, and yet the same act, having received the sanction of all branches of the legislature, and being in the form of law, may contain other useful and salutary provisions, not obnoxious to any just constitutional exception. It would be inconsistent with all just principles of constitutional law, to adjudge these enactments void, because they are associated in the same act, but not connected with or dependent on others which are unconstitutional.

The present defendant is charged with being a common seller of spirituous and intoxicating liquors, and in several different counts with making specific sales of the same, at the times and places respectively stated. These acts, with slight modifications, have been declared illegal and restrained by penalties, by various statutes from the adoption of the Constitution to the present time, without such acts being thought repugnant to its letter or spirit. We therefore consider these provisions in the act of 1855, upon which alone this prosecution rests, without having occasion to say any thing of other portions of the act, to be constitutional and valid.            *Exceptions overruled.*